Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CHI MODU, through trustee SOPHIA MODU,<br><br>Plaintiff,<br><br>v.<br><br>TWENTYFOURSEVEN, SRL, an Italian Company; 247 PACIFIC, INC., a U.S. Corporation; MATCHES FASHION LIMITED, a London Corporation, doing business as "MATCHESFASHION"; ASHWORTH AND PARKER LIMITED, a United Kingdom Limited Entity, individually, and doing business as "END CLOTHING"; FARFETCH UK LIMITED, a United Kingdom Limited Company, individually, and doing business as "FARFETCH.COM"; and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:22-cv-05621<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

- 1 -

COMPLAINT

Plaintiff, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, The Estate of Chi Modu, is a lawful estate that appears in this action via its trustee, Sophia Modu (hereinafter, "The Estate").

5. Plaintiff is informed and believes and thereon alleges that Defendant Matches Fashion Limited is a limited company organized and existing under the laws of the United Kingdom, doing business as "MatchesFashion" and doing business in and with this District.

6. Plaintiff is informed and believes and thereon alleges that Defendant Ashworth and Parker Limited is a United Kingdom Limited Company that owns and operates and does business as "End Clothing" and is doing business in and with this District.

7. Plaintiff is informed and believes and thereon alleges that Defendant Farfetch UK Limited is a United Kingdom Limited Company that owns and operates and does business as "Farfetch.com," through various international websites, is doing business in and with this District.

8. Plaintiff is informed and believes and thereon alleges that Defendant TwentyFourSeven, SRL ("247"), is an Italian Company doing business doing business in and with this District.

9. Plaintiff is informed and believes and thereon alleges that Defendant 247 Pacific, Inc. ("247 Pacific"), is a U.S. Corporation affiliated with 247 that is doing business in and with this District.

10. 247 and 247 Pacific will be collectively referred to as the "247 Defendants" herein.

11. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments bearing garments manufactured with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

12. Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PRODUCT

14. Prior to the conduct complained of herein, the artist Chi Modu ("Modu") created an original photograph depicting hip-hop group the Wu-Tang Clan (the "Subject Photograph"). A true and correct copy of the Subject Photograph is attached hereto as **Exhibit A**.

15. Modu passed away and The Estate obtained ownership and the copyrights in and to the Subject Photograph, as well as all accrued claims. The Subject Photograph and its copyrights are owned in exclusively by The Estate.

16. Plaintiff owns a United States Copyright Registration covering the Subject Design.

17. Prior to the acts complained of herein, Modu published the Subject Photograph to the public.

18. On information and belief, the 247 Defendants obtained a copy of the Subject Photograph and exploited it to create a series of garments, including, without limitation, those garments depicted in **Exhibit B** hereto.

19. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, the 247 Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed products incorporating the Subject Photograph ("Infringing Product").

20. Plaintiff is informed and believes and thereon alleges that the Defendants, and certain DOE Defendants marketed, distributed, and sold the Infringing Product to reailers and/or the public.

21. A comparison of the Subject Photograph in **Exhibit A** with the Infringing Product exemplars in **Exhibit B** makes clear that Defendants, and each of them, reproduced, marketed, distributed, and/or sold product bearing a near verbatim or identical copy of the Subject Photograph.

22. The exemplars in **Exhibit B** are non-inclusive and the claims made herein are as to all products marketed, distributed, and/or sold by Defendants, or any of them, that bear the Subject Photograph or an appreciable portion thereof.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from certain positions and defenses.

24. On information and belief Plaintiff alleges that the one or more of the Defendants previously had notice of the claims of infringement at issue and one or more of the Defendants continues to market, distribute, and sell the product at issue. For example, and non-inclusively, one such Defendant is offering for sale the infringing product at issue as follows:



**Ongoing Infringement – Farfetch:**

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

25. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph including, without limitation, through (a) access to Plaintiff's website and/or social media platforms; (b) access to online copies of the Subject Photograph; and (d) access to .jpegs, .tiffs, or .PDFs of the Subject Photograph.

27. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Photograph and by producing, distributing and/or selling garments which infringe the Subject Photograph through a network of retail stores, catalogues, and through on-line websites.

29. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

30. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and

indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or precludes them from asserting certain defenses and positions. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

33. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

34. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Photograph as alleged herein.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

36. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to

suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

37. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph, in an amount to be established at trial.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or precludes them from asserting certain defenses and positions. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of

trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

    d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    e. That Plaintiff be awarded pre-judgment interest as allowed by law;

    f. That Plaintiff be awarded the costs of this action; and

    g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff hereby demands a jury trial on all issues so triable pursuant to Fed.R.Civ.P. 38 and the Seventh Amendment to the U.S. Constitution.

Respectfully submitted,

Dated: February 6, 2023     By:     */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff